JAMES M. BREEN, Respondent, v. GEORGE T. TAYLOR, Appellant.— Interlocutory judgment and final judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ.

MAX J. BUECHLER, Appellant, v. FRANK J. PICKRELL, Respondent.— Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. There is dispute between the parties concerning what occurred on May 4, 1929, when, as plaintiff claims, there was a sale and delivery of the certificates of stock. Whether the transaction culminated in a sale, or an accepted agreement to sell, is, under the circumstances, a question of fact. It rests with a jury to determine not only the facts as to whether the minds of the parties actually met but also the intention of the parties at the time in relation to their acts. (Pers. Prop. Law, §§ 99, 100, rule 1, §§ 122, 123; ▉ Groves v. Warren, 226 N. Y. 459, 466.) The conflicting testimony permits no clear conclusion, as a matter of law, that the shares of stock were indorsed, delivered and accepted for a sum agreed upon, with only the delivery of a check in payment lacking to complete the transaction. Likewise, it is a question of fact whether the plaintiff so dealt with the stock subsequently that he waived or abandoned the sale he claims to have made to the defendant, or that he knew that he was dealing with the defendant as an agent for a disclosed principal. It was, therefore, error to dismiss the complaint. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur.

FLORA E. BUCKE, Respondent, v. LOUIS F. HOLLENBACH, Appellant, and LOUISE L. OSTRANDER, Defendant.— Order vacating and setting aside notice of examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

ROBERT H. ELDER, Respondent, v. THE SPRING HILL GOLF AND COUNTRY CLUB, Appellant.— Appeal discontinued on consent. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

E. R. C. STATIONS, INC., Appellant, v. RUTLAND PARKWAY, INC., and SOPHIE KAHN, Respondents.— Orders and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MARGARET T. GIBBONS, Appellant, v. WILLIAM T. GIBBONS, Respondent.— Judgment reversed upon the law, with costs, and the action remitted to the Special Term to take plaintiff's proof of the allegations of her complaint. In our opinion, the marriage of these parties was not merely voidable, but absolutely void, and plaintiff was, therefore, entitled to have it annulled even though she had lived with the defendant for several years after first having some information of the prior marriage. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.